UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HEATHER WALDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-232-TAV-JEM |
| | ) | |
| ALLIANCE FOR MULTISPECIALITY | ) | |
| RESEARCH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and United States District Judge Thomas A. Varlan's Order referring these matters to the undersigned [Doc. 67].

Now before the Court is Plaintiff's Motion for Leave to File Out-of-Time Opposition, Amended Complaint, and Motion for Sanctions ("Motion to Amend") [Doc. 46][1] and Plaintiff's Motion for Evidentiary Hearing and Oral Argument on Plaintiff's Motion for Sanctions and Motion for Leave to Amend ("Motion for a Hearing") [Doc. 61].[2] Defendant responds in opposition to the motions [Docs. 58, 70]. These motions are ripe for adjudication. *See* E.D. Tenn. L.R. 7.2(a).

---

[1] Plaintiff seeks leave to file a late opposition to Defendant's motion to compel, as well as sanctions. With respect to the former request, that request is moot as the parties have resolved the motion to compel [*See* Doc. 64]. The Court will adjudicate Plaintiff's request for sanctions separately.

[2] Plaintiff seeks a hearing on her request for sanctions. The Court will adjudicate this request separately as well.

For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Amend [**Doc. 46**] and **DENIES** Plaintiff's Motion for Evidentiary Hearing and Oral Argument on Plaintiff's Motion for Leave to Amend [**Doc. 61**].

I.  BACKGROUND

Plaintiff filed her Complaint on May 20, 2024 [Doc. 1]. She alleges that "[Defendant] violated Title VII and ADA laws during [her] employment" [*Id.* at 1]. Plaintiff claims that in March 2022, Defendant "offered to provide a flexible working schedule to accommodate Anxiety, Depression, & ADD symptoms along with a new job position," but by September 2022, Defendant "rescinded the accommodations [it] provided and altered [her] job duties[,] which exacerbated [her] mental health conditions" [*Id.* at 2]. Defendant terminated Plaintiff's employment on November 29, 2022 [*Id.*].

On October 29, 2024, the Court entered a Scheduling Order [Doc. 23]. The Court set the deadline to file motions to amend pleadings and dispositive motions for September 12, 2025 [*Id*. at 7]. The Court set the discovery deadline for October 13, 2025 [*Id.* at 2]. Later, on March 13, 2025, the Court granted Defendant's motion for partial dismissal and dismissed Plaintiff's Title VII claim [Doc. 33].

On August 4, 2025, Plaintiff filed the Motion to Amend [Doc. 46]. Plaintiff's proposed Amended Complaint adds six new claims for relief: interference and retaliation under the Family and Medical Leave Act ("FMLA"); retaliation under the False Claims Act ("FCA"); wage and hour violations under the Fair Labor Standards Act ("FLSA"); hostile work environment and constructive discharge claims under both the ADA and FMLA; promissory estoppel/detrimental reliance under Tennessee common law; and negligent and intentional misrepresentation under Tennessee common law [Doc. 46-11 pp. 3–4].

Defendant opposes Plaintiff's motion [Doc. 58]. It states that Plaintiff is unable to demonstrate good cause to amend the Complaint and extend the deadlines in the Scheduling Order, that allowing the amendments would prejudice it, and that several of Plaintiff's proposed amendments are futile [*Id*. at 4, 5, 7]. Defendant argues that "[t]he facts and claims asserted in Plaintiff's proposed Amended Complaint have been entirely within her knowledge from the time she filed this lawsuit" [*Id.*]. It asserts that Plaintiff sat "on these claims for over a year, because she was hesitant to attempt the amendment on her own and was hoping to find a lawyer to assist her," and that "[t]his was clearly avoidable delay" [*Id.* at 5].

Plaintiff did not file a reply. But on September 8, 2025, she filed her Motion for a Hearing, stating that there are "[s]ubstantial factual disputes and credibility determinations at issue" [Doc. 61 p. 1]. Defendant responds in opposition to the motion stating that an evidentiary hearing is unnecessary and would result in an additional burden on the Court, additional costs for Defendant, and further delay of these proceedings [Doc. 70 p. 1].

On September 11, 2025, Judge Varlan continued the trial and the unexpired deadlines [Doc. 68]. The deadline to file motions to amend pleadings and dispositive motions is now December 12, 2025 [*Id.* at 2]. The discovery deadline is now January 12, 2026 [*Id.*].

II. ANALYSIS

As an initial matter, Plaintiff requests the Court schedule a short evidentiary hearing and oral argument regarding her Motion to Amend [Doc. 61 p. 1].[3] In support of her motion Plaintiff states that she wishes "to present and explain relevant audio recordings" [*Id.*]. Defendant responds in opposition, stating that the positions on the pending motions are fully briefed and that an evidentiary hearing "would result in an additional burden on the Court, additional costs for

---

[3] Plaintiff states that "[p]ursuant to Eastern District of Tennessee Local Rule 7.1(f), oral argument is explicitly permitted on motion" [Doc. 61 p. 1]. There is no Local Rule 7.1(f).

3

Defendant, and further delay of these proceedings" [Doc. 70 p. 1]. Upon review of the parties' arguments and the docket in this action, the Court declines to schedule an evidentiary hearing. Moreover, Plaintiff does not explain what the relevant audio recordings are and how they affect the current Motion to Amend.

Turning to Plaintiff's Motion to Amend, under Federal Rule of Civil Procedure 15, courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision as to whether justice requires [an] amendment is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citations omitted). Despite the liberality of Rule 15(a)(2), a court may deny a motion to amend if the court finds "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of the amendment." *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant asserts that Plaintiff has unduly delayed in seeking her amendment and that it will be prejudiced if the Court allows amendment, as well as that certain proposed amendments are futile. The Court finds that Plaintiff's Motion to Amend is timely particularly considering Plaintiff's pro se status as well as the liberality of Rule 15(a), and that the prejudice of additional expense and inconvenience of defending against new claims alleged by Defendant is now diminished because the trial and the deadline for discovery has been continued. The Court will allow Plaintiff to amend her complaint, except for her constructive discharge claims under the ADA and FMLA and her negligent misrepresentation claim, which the Court finds futile.

### A. Undue Delay and Prejudice

Defendant objects to Plaintiff's Motion to Amend, stating that the "dispositive motion deadline is less than a month away (September 12, 2025) and the discovery deadline is less than two months away (October 13, 2025)" [Doc. 58 p. 4]. Defendant asserts that because "[t]he claims Plaintiff intends to add involve different elements, different damages and different affirmative defenses . . . Defendant would need to conduct substantial additional fact and legal research . . ." [*Id.*]. Defendant further argues that "[s]hould the Court grant Plaintiff's motion to add some or all of these new claims, the Scheduling Order deadlines . . . will need to be extended," and that "Plaintiff[] must also establish good cause for this Court to extend the Scheduling Order deadlines. Plaintiff has failed to do so" [*Id.*].

Citing to Plaintiff's deposition [*see* Doc. 58-1], Defendant also notes "she intended to bring these additional claims all along but initially filed solely under the ADA . . . in order to preserve those claims based on the limitations period . . ." [Doc. 58 p. 3]. Plaintiff stated she left what she had originally claimed and "left the rest for amendment" after she engaged new counsel and maintained her "intent was to have all of those claims initially" [*Id.* at 5].

While "delay alone does not justify denial of leave to amend," "[a]t some point, . . . delay becomes undue, placing an unwanted burden on the court, or . . . prejudicial, placing an unfair burden on the opposing party." *Scheib*, 2011 WL 208341, at *2 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)); *see also Combs v. United States*, No. 2:04-CV-306, 2008 WL 11452361, at *2 (E.D. Tenn. July 16, 2008) ("[C]ourts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party." (collecting cases)). As explained in *Phelps v. McClellan*:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the

> opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

30 F.3d 658, 662–63 (6th Cir. 1994) (citation omitted). "The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Scheib*, 2011 WL 208341, at *2 (quoting *Phelps*, 30 F.3d at 663). It is only when a party acts with delay that causes prejudice to the nonmoving party that a court should deny a request to amend. *Combs*, 2008 WL 11452361, at *2.

On September 11, 2025, Judge Varlan extended the dispositive motion deadline, the discovery deadline, and continued the trial [Doc. 68]. Given that, Defendant's arguments are largely moot.

Regardless, Plaintiff's motion is timely under the Scheduling Order. The Scheduling Order set the deadline to amend pleadings for September 12, 2025 [Doc. 23 p. 4]. Plaintiff filed her Motion to Amend on August 5, 2025, well before the deadline [Doc. 46]. "When a plaintiff[, as here,] moves to amend its complaint within the deadline listed in the Court's scheduling order, . . . such [a] request does not in and of itself create substantial prejudice to the opposing party." *Hamm v. FCA US LLC*, No. 2:19-CV-169, 2020 WL 13443062, at *2 (E.D. Tenn. Dec. 15, 2020) (citation omitted); *see also L.V. v. City of Maryville*, No. 3:16-CV-508, 2017 WL 4293233, at *3 (E.D. Tenn. Sept. 27, 2017) ("In this vein, the Court is unwilling to accept an argument that a party's compliance with its Scheduling Order creates a scenario in which substantial prejudice can befall another party. A scheduling order, in fact, has the opposite effect, resulting in 'the orderly preparation of a case for trial.'" (citation omitted)). Indeed, the deadline for amending the pleadings should not have "take[n] [Defendants] by surprise." *L.V.*, 2017 WL 4293233, at *3.

Defendant cites to *Durfee v. Rich*, No. 02-10041, 2008 WL 324206 (E.D. Mich. Feb. 4, 2008), in support of its contention that courts should decline a motion to amend if the moving party knew of the claims to be added when the original claim was filed and there was no excuse for failure to plead them. Yet, in *Durfee*, the court denied the plaintiff's request to join a defendant because it was more than five years after filing the original complaint, after discovery had closed, and after the dispositive motions were filed and adjudicated. *Id.* at *4. While the Court has considered Defendant's argument that Plaintiff knew about her claim, in light of her pro se status, the liberality of Rule 15(a), and the timeliness of her claims, the Court finds it appropriate to allow her to amend under the circumstances.

Defendant also contends that allowing Plaintiff to amend her Complaint would result in prejudice, even if the Court extended the deadlines [Doc. 58 p. 6]. It states that it "will be forced to incur additional costs with respect to legal research, amended responsive pleadings and/or Rule 12 motions, supplemental document requests and production, and deposing Plaintiff on these claims" [*Id.*]. "[But] Courts have found that the defendant suffered little or no prejudice if the alleged prejudice is merely the additional expense and inconvenience of defending against [the] new claims or if the dates for discovery cut-off has not yet elapsed." *Verragio, Ltd. v. Signet Jewelers Ltd.*, No. 5:20-CV-01083, 2021 WL 4813279, at *4 (N.D. Ohio May 26, 2021) (citation modified and footnote omitted). Where a plaintiff has timely moved to amend her complaint, as here, and the parties have sufficient time to conduct discovery, it is appropriate for a court to grant leave to amend.[4] The Court therefore does so here.

---

[4] Defendant cites to *Davis v. Therm-O-Disc, Inc.*, 791 F. Supp. 693, 695 (N.D. Ohio 1992), *Rover Pipeline LLC v. Zwick*, No. 2:19-CV-4698, 2021 WL 2665502, at *3 (S.D. Ohio June 29, 2021), and *Interstate Packaging Co. v. Century Indemnity Co.*, 291 F.R.D. 139, 146–47 (M.D. Tenn. 2013), in arguing that it would unduly prejudice Defendant if the Court allows Plaintiff to amend her complaint [Doc. 58 pp. 6–7]. Yet, the procedural posture of this case is different from the cited cases.

7

B.  **Futility**

Defendant asserts that some of Plaintiff's proposed amendments would be futile, namely, Plaintiff's constructive discharge claims under the ADA and FMLA and Plaintiff's negligent misrepresentation claim [Doc. 58 pp. 7–10].

An amendment is futile if it would not withstand a motion to dismiss under Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). "The policy consideration behind futility analysis and motions to amend is to prevent the expenditure of unnecessary effort and resources by the parties as well as the court." *Viera v. The Gen. Auto. Ins. Servs.*, No. 3:19-CV-00901, 2020 WL 12932420, at *3 (M.D. Tenn. Apr. 30, 2020) (citation omitted).

To state a constructive discharge claim under the ADA, an employee must allege that "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign[,]" and that the employer did so to force the employee to quit. *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1107 (6th Cir. 2008) (quoting *Held v. Gulf Oil Co.*, 684 F.2s 427, 432 (6th Cir. 1982)); *Cooper v. Dolgencorp, LLC*, 93 F.4th 360, 373 (6th Cir. 2024). Similarly, under the FLMA, a plaintiff must allege that her working conditions were objectively intolerable and that "her employer deliberately created these conditions in hopes they would force her to quit." *Groening v. Glen Lake Cnty. Sch.*, 884 F.3d 626, 630 (6th Cir. 2018). But Plaintiff alleges that Defendant terminated her from her position [Doc. 1 p. 2]. Plaintiff is therefore unable to plead a constructive discharge claim under both the ADA and the FLMA, making each futile. *See Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1127 (6th Cir. 1998) ("[A] constructive discharge exists if working conditions are such that a reasonable person in the plaintiff's shoes would feel compelled to resign."); *see also Hayslett v. Tyson Foods,*

*Inc.*, 636 F. Supp. 3d 900, 905 (W.D. Tenn. 2022) ("Because the Complaint can be read to allege that Plaintiff was actually terminated, the Court need not address whether Plaintiff has alleged the elements of a constructive discharge claim.").

As for Plaintiff's negligent misrepresentation claim, she alleges that "Defendant's managers made knowingly false representations of her material fact with intent to induce Plaintiff's reliance. Plaintiff justifiably relied and was harmed due to the falsity of these statements" [Doc. 46-11 p. 4]. Plaintiff's claims are in the context of an employer-employee discharge claim, as her claims originate from Defendant's termination of her employment. While Plaintiff cites to *Williams v. Berube & Associates*, 26 S.W. 3d 640 (Tenn. 2000), in support of her negligent misrepresentation claim, that case involved a breach of a commercial transaction, not an employer-employee discharge. Courts have not allowed negligent misrepresentation claims in the employer-employee discharge context under Tennessee law. *See Hyden v. CH3 Solutions, LLC*, No. 1:20-cv-119, 2021 WL 6332793, at *4 (E.D. Tenn. Oct. 20, 2021) ("In Tennessee, liability for negligent misrepresentation is limited to 'business or professional persons who negligently supply false information for the guidance of others in their business transactions.'" (quoting *Hodge v. Craig*, 382 S.W.3d 325, 345 (Tenn. 2012))); *Moore v. Alstom Power Turbomachines, LLC*, No. 1:12-CV-292, 2013 WL 915555, at *6–7 (E.D. Tenn. Mar. 7, 2013) ("[A]lthough not discussed by the parties, negligent misrepresentation is unavailable to plaintiffs in the employer-employee context."); *Shelby v. Delta Airlines*, 842 F. Supp. 999, 1015 (M.D. Tenn. 1993) (finding that negligent misrepresentation claims apply "only with regard to commercial transactions"). Because this claim would not survive a Rule 12(b)(6) motion to dismiss, the Court finds this claim is futile.

### III.   CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Leave to Amend [**Doc. 46**]. Plaintiff **SHALL** file her Amended Complaint in accordance with this Memorandum and Opinion within ten (10) days of this Memorandum and Order. The Court **DENIES** Plaintiff's Motion for a Hearing [**Doc. 61**] to the extent it seeks a hearing on her Motion to Amend.

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge