UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

HEATHER WALDEN,                          )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )    No. 3:24-CV-232-TAV-JEM
                                         )
ALLIANCE FOR MULTISPECIALITY             )
RESEARCH, LLC,                           )
                                         )
        Defendant.                       )

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Supplement Amended Complaint [Doc. 76]. Defendant responded in opposition to the motion [Doc. 82]. Plaintiff did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES** the motion [**Doc. 76**].

**I.      BACKGROUND**

Plaintiff commenced this action on May 20, 2024, alleging that Defendant violated Title VII and the Americans with Disabilities Act ("ADA") [Doc. 1 p. 1]. Later, on March 13, 2025, the Court granted Defendant's motion for partial dismissal and dismissed Plaintiff's Title VII claims [Doc. 33]. On August 4, 2025, Plaintiff requested leave to file an amended Complaint [Doc. 46]. Plaintiff's proposed Amended Complaint added six new claims for relief: interference and retaliation under the Family and Medical Leave Act ("FMLA"); retaliation under the False Claims Act ("FCA"); wage and hour violations under the Fair Labor Standards Act ("FLSA"); hostile work environment and constructive discharge claims under both the ADA and FMLA; promissory estoppel/detrimental reliance under Tennessee common law; and negligent and intentional

misrepresentation under Tennessee common law [Doc. 71 p. 2]. The Court granted Plaintiff leave to file the Amended Complaint, except as to her constructive discharge claims under the ADA and the FMLA and her negligent misrepresentation claim [*Id.* at 8–9]. Plaintiff filed her Amended Complaint on October 28, 2025.

On the same day, Plaintiff filed the Motion for Leave to Supplement Amended Complaint [Doc. 76]. Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, she seeks leave "to supplement her Amended Complaint to include post-employment factual developments directly relevant to her False Act Claims ("FCA") retaliation claim (Count IV)" [*Id.* at 1]. She states, "On May 1, 2025, during a private mediation session between Plaintiff and Defendant, Defendant was informed—allegedly for the first time—of Plaintiff's whistleblower report to HHS-OIG concerning suspected research misconduct. Immediately, thereafter, Defendant threatened Plaintiff with prosecution if she continued to pursue this issue" [*Id.*; *see also* Doc. 76-1].

According to Plaintiff, "Rule 408 of the Federal Rules of Evidence generally protects settlement discussions from use to prove or disprove the validity or amount of a disputed claim[,]" but she claims that the rule allows "such evidence to be admitted 'for another purpose'" [*Id.* (emphasis omitted)]. She is relying on this evidence "to demonstrate a new, separately actionable act of retaliation under 31 U.S.C. § 3703(h)" [*Id.* at 2]. "Allowing supplementation of the Amended Complaint," Plaintiff asserts "will ensure that the Court and the jury can consider all facts relevant to Plaintiff's retaliation claim, including ongoing or post-employment retaliation that occurred after the original pleading" [*Id.*]. She claims that the supplement will not prejudice Defendant [*Id.*].

Defendant responds in opposition to the motion [Doc. 82]. It argues that Plaintiff's proposed supplement is futile [*Id.* at 3–6]. In addition, it states that the Court should not allow the

proposed supplement because it "is based entirely on alleged communications supposedly occurring during settlement negotiations at a mediation" and such communications are barred from evidence by Rule 408 and case law [*Id.* at 6–10]. Further, Defendant claims that the supplement would cause prejudice [*Id.* at 10–11]. Finally, it submits that that "courts do not treat ordinary litigation conduct as a basis for new claims absent objective baselessness or bad faith, concerns grounded in the First Amendment petitioning right" [*Id.* at 11 (citations omitted)].

## II. ANALYSIS

The Court declines to allow Plaintiff to supplement the Amended Complaint given that it is futile. But even if it were not futile, the Court finds allowing Plaintiff to supplement would be prejudicial.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In determining whether to allow a supplemental pleading, courts consider:

> (1) The relatedness of the original and supplemental complaints; (2) Whether allowing supplementation would serve the interests of judicial economy; (3) Whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed; (4) Whether amendment would impose undue prejudice upon the opposing party; (5) Whether amendment would be futile; (6) Whether final judgment had been rendered; (7) Whether the district court retains jurisdiction over the case; (8) Whether any prior court orders imposed a future affirmative duty upon defendant; and (9) Whether the proposed supplemental complaint alleges that defendants defied a prior court order.

*Jones v. State*, No. 3:23-CV-01033, 2024 WL 4631658, at *2 (M.D. Tenn. Oct. 30, 2024) (quoting *Ne. Ohio Coal. for the Homeless v. Husted*, Case No. 2:06-CV-00896, 2015 WL 13034990, at *6

(S.D. Ohio Aug. 7, 2015)). The Court has "broad discretion in allowing a supplemental pleading." *Id.* (quoting Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment).

Plaintiff seeks to supplement her Amended Complaint to assert a claim for retaliation under 31 U.S.C. § 3730(h) [*See* Doc. 76-1]. This statute states:

> **(1) In general.**--Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1). In order to state a claim for retaliation under the FCA, the plaintiff must allege "(1) she engaged in a protected activity, (2) the employer knew she engaged in the protected activity, and (3) the employer discharged or otherwise discriminated against the employee as a result of the protected activity." *Fakorede v. Mid-S. Heart Ctr., P.C.*, 709 F. App'x 787, 789 (6th Cir. 2017) (citations omitted).

As an initial matter, Plaintiff does not respond to Defendant's argument. *See AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 774 (M.D. Tenn. 2019) (explaining that under case law "when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded" (citation omitted)). And upon review of Defendant's argument, the Court would find Plaintiff's proposed supplement futile.

Defendant claims that Plaintiff's supplement is futile because she fails to allege that (1) she engaged in protected activity, and (2) Defendant's action had a materially adverse impact on her [Doc. 82 pp. 3–6]. Defendant states that "Plaintiff's allegation that she informed Defendant's litigation counsel and corporate representative/General Counsel at a mediation in 2025 that she made a previously undisclosed complaint against Defendant to a government agency in 2022

4

Case 3:24-cv-00232-TAV-JEM    Document 97    Filed 02/13/26    Page 4 of 6    PageID #: 1067

should not be construed as protected activity under the FCA" [Doc. 82 pp. 3–4]. As Defendant notes, "The paragraph Plaintiff proposes to add is not premised on any contemporaneous effort to stop false claims" [Doc. 82 p. 4]. *See Jones-McNamara v. Holzer Health Sys.*, 630 F. App'x 394, 399 (6th Cir. 2015) ("Now, a plaintiff's activities must reasonably embody 'efforts to stop' FCA violations." (quoting 31 U.S.C. § 3730(h))). In addition, while a former employee may assert retaliation in violation of the FCA, *United States ex rel. Felten v. William Beaumont Hosp.*, 993 F.3d 428, 435 (6th Cir. 2021), the United States Court of Appeals has recognized that "Congress still intended to limit the FCA to employment-like relationships," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1062 (6th Cir. 2014). Here, Plaintiff's alleged conduct occurred between "parties in a litigation proceeding" [Doc. 82 p. 4]—more than two years after Defendant terminated her employment [*See* Doc. 73 ¶ 17 (Amended Complaint) (alleging that Defendant terminated Plaintiff employment in November 29, 2022)].[1]

Even if Plaintiff's proposed supplement were not futile, the Court finds it would be unduly prejudicial to Defendant. Defendant contends that "[i]f the allegations regarding what supposedly occurred at the mediation are ultimately allowed to remain on the record, this opens the door to a dispute about what actually occurred at mediation" [Doc. 82 pp. 11–13]. As Defendant points out, "the Sixth Circuit recognizes a settlement communications privilege" [*Id.* at 9]. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("[W]e believe a settlement privilege serves a sufficiently important public interest, and therefore should be

---

[1] Defendant also states that "Plaintiff has not alleged and cannot establish that Defendant's alleged comments at the mediation, even if they occurred, had any materially adverse impact on her" [Doc. 82 p. 4]. Courts note that "[e]mployment decisions are only materially adverse if they are reasonably likely to deter employees from engaging in activity protected by the False Claims Act." *U.S. ex rel. Howard v. Lockheed Martin Corp.*, 14 F. Supp. 3d 982, 1021 (S.D. Ohio 2014) (quoting *Boze v. Gen. Elec. Co.*, No. 4:07CV–74–M, 2009 WL 2485394, at *2–3 (W.D. Ky. 2009)). Plaintiff has not responded to this argument.

recognized."). Plaintiff relies on Rule 408 of the Federal Rules of Evidence, but the "[settlement] privilege expands Rule 408." *Deshazo v. Fed. Express Corp.*, No. 6:24-CV-00147, 2025 WL 3483094, at *5 (E.D. Ky. Dec. 3, 2025) (citation omitted). And Plaintiff does not respond to Defendant's argument that allowing this supplement would result in litigation about mediation, leading to "a myriad of potential discovery complications" that will require the parties "to expend considerable time and resources to sort through" [Doc. 82 p. 11 (citation omitted)]. *See AK*, 382 F. Supp. 3d at 774.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Leave to Supplement Amended Complaint [**Doc. 76**].

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge