| | | |
|---|---|---|
| HEATHER WALDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:24-CV-232-TAV-JEM |
| | ) | |
| ALLIANCE FOR MULTISPECIALTY | ) | |
| RESEARCH, LLC, d/b/a AMR, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

On May 13, 2026, defendant filed an Emergency Motion to Dismiss for Failure to Prosecute, arguing that this case should be dismissed based on plaintiff's "continued failure to prosecute and failure to comply with the Court's Scheduling Order and pretrial obligations" [Doc. 106, p. 1].  Upon review of defendant's motion, as well as the record as a whole, the Court ordered plaintiff to show cause within 10 days "as to why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute[,]" citing to plaintiff's failure to file her witness list and failure to serve defendant with a proposed pretrial order in accordance with the Court's scheduling order [Doc. 107, pp. 1-2; *see* Doc. 23 ¶¶ 6, 7(g); Doc. 106, p. 2].  The Court warned plaintiff that failure to timely comply with the show cause Order could result in dismissal of her action without further notice [Doc. 107, p. 2].

Ten days have passed, and plaintiff has failed to respond to the Court's show cause Order.  Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or comply with these rules or a court order.'"  *Bonanno*

*v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b)) (citation omitted); *accord Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citations omitted) ("District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case.").

The Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citation omitted).

As discussed above, plaintiff failed to comply with two deadlines in the Court's scheduling order [*see* Doc. 23 ¶¶ 6, 7(g)] and has failed to respond to the Court's resultant show cause order [*See* Doc. 107]. Plaintiff's failure to comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (citations omitted) (concluding that the plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *see also*

2

*Vaughn v. Saul*, No. 1:18-CV-78, 2020 WL 808598, at *2 (E.D. Tenn. Feb. 18, 2020) (citations omitted) (stating that "[e]ven absent bad faith, failure to comply with court orders reflects 'willfulness and fault' for purposes of Rule 41(b)"). The Court further finds that plaintiff was warned that failure to comply could result in dismissal of her action [*See* Doc. 107, p. 2]. Finally, the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See Fuller*, 468 F. App'x at 588.

Accordingly, this case is hereby **DISMISSED** for failure to prosecute and failure to follow the Court's orders. *See id.*; Fed. R. Civ. P. 41(b). An appropriate order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3